[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13474
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-14205-CV-KMM

DAVID KELLY BREWSTER,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2009)

Before DUBINA, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Appellant David Kelly Brewster, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, raising numerous claims for relief. However, we granted Brewster's motion for a certificate of appealability on the following issue only: "Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992), when it failed to address [Brewster's] claim that his due process rights were violated where the evidence presented at trial did not support his conviction for bank fraud."

"We review *de novo* the district court's denial of habeas relief under 28 U.S.C. § 2254." *Gamble v. Sec'y, Dep't of Corr.*, 450 F.3d 1245, 1247 (11th Cir. 2006). Out of "deep concern over the piecemeal litigation of federal habeas petitions," in *Clisby* we exercised our supervisory authority over the district courts and instructed them to resolve all claims for relief raised in a petition for habeas corpus relief, regardless of whether habeas relief is granted or denied. 960 F.2d at 935-36. The procedures for handling habeas petitions were likewise designed to minimize disruption of the state criminal justice system. *Id.* at 935. A "claim for relief" is defined as "any allegation of a constitutional violation." *Id.* at 936. When a district court fails to resolve all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

Because the record here demonstrates that the district court failed to resolve Brewster's claim that his constitutional due process rights were violated because the prosecution failed to prove all the elements of the charged offense, the district court's judgment violated *Clisby*. Accordingly, we vacate the district court's judgment and remand Brewster's due process claim for consideration by the district court.

**VACATED and REMANDED.**